CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 28 2017
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| TRACEY DECAROL MYERS,  )<br>      Plaintiff,  )<br>                           )<br>v.                                 )<br>                           )<br>NANCY A. BERRYHILL,  )<br>ACTING COMMISSIONER OF  )<br>SOCIAL SECURITY,  )<br>      Defendant.  ) | Civil Action No. 4:17cv00028<br><br>REPORT & RECOMMENDATION<br><br><br>By:    Joel C. Hoppe<br>United States Magistrate Judge |

Plaintiff Tracey DeCarol Myers, appearing pro se, asks this Court to review the Acting Commissioner of Social Security's ("Commissioner") final decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Commissioner has moved to dismiss the action on the grounds that Myers's complaint was filed outside the applicable statute of limitations. Def.'s Mot. ECF No. 9 (citing 42 U.S.C. § 405(g)). The case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 13.

I. The Legal Framework

An individual seeking judicial review of the Commissioner's final decision denying his or her application for disability benefits "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The Commissioner's regulations automatically "extend the filing deadline to sixty days after the individual's receipt of the notice" and provide that the agency will assume "the notice is received five days after the date on which the notice was mailed, unless a claimant can make 'a reasonable showing to the contrary.'" *Reeves v. Colvin*, No. 6:12cv27, 2014 WL 2573049, at *2 (W.D. Va. June 9, 2014) (quoting 20 C.F.R. § 422.210(c)). Additionally, the Commissioner must extend the

1

limitations period if the claimant submits a written request and shows "good cause" for "why the action was not filed within the stated time period." 20 C.F.R. § 404.982.

The filing period in § 405(g) is a nonjurisdictional statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Although the Commissioner usually determines whether to extend the sixty-day period, "a court may step in and extend the period," or excuse a missed filing deadline altogether, in cases where the balance of equities tips so heavily in the plaintiff's favor that "deference to the agency's judgment is inappropriate." *Hunt v. Astrue*, No. 1:10cv141, 2012 WL 6761418, at *3 (M.D.N.C. Dec. 31, 2012) (citing *Bowen*, 476 U.S. at 480). Because this limitations period "is a condition on the waiver of sovereign immunity," however, it "must be strictly construed," and a plaintiff's compliance will be excused only in very rare or exceptional circumstances. *See Bowen*, 476 U.S. at 479. "Generally, equitable tolling will apply only where a plaintiff has actively pursued [his or] her judicial remedies by filing a defective pleading during the statutory period, or was tricked into allowing the sixty-day deadline to pass by some agency misconduct." *Reeves*, 2014 WL 2573049, at *5 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Relief may also be warranted under "traditional principles of equitable tolling," *Gibbs v. Barnhart*, No. 2:04cv56, 2005 WL 283205, at *1 (W.D. Va. Feb. 7, 2005), "in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party,'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)).

II. Procedural History

On August 4, 2014, Myers filed a DIB application alleging that she suffered from a host of debilitating medical conditions. *See* Def.'s Br. in Supp. Ex. 1, at 12–15, 33, ECF No. 10-1.[1] In June 2016, after the state agency had twice denied her claims, Myers appeared with counsel at a hearing before Administrative Law Judge ("ALJ") Susan Smith. *Id.* at 33, 46. On August 3, 2016, ALJ Smith issued a written decision holding that Myers was not disabled because she still could perform certain occupations, such as document preparer or final assembler. *Id.* at 46. Myers promptly asked the Appeals Council to review ALJ Smith's unfavorable decision. *See id.* at 52–53. She also submitted additional materials—primarily medical records dated between January 7, 2014, and September 27, 2016—along with her request for review. *See id.* at 55, 57.

The Appeals Council "considered" some of Myers's additional materials and added them as numbered exhibits (20F through 27F) to the administrative record before determining whether to grant or deny her request to review ALJ Smith's decision. *Id.* at 55, 57–59; *see* 20 C.F.R. § 404.970(b) (2016). In a letter dated November 21, 2016, the Appeals Council informed Myers that it had denied her request and that, as a result of the denial, the ALJ's decision was "the final decision of the Commissioner of Social Security in [her] case."[2] Def.'s Br. in Supp. Ex. 1, at 53. The Appeals Council's letter instructs that Myers had "60 days to file a civil action" in federal

---

[1] Pinpoint citations to documents filed electronically in this Court use the page and attachment numbers assigned by CM/ECF.

[2] This letter also states that the Appeals Council "looked at" Myers's additional medical records created in September 2016, but that it found the "new information" contained in those records did not affect ALJ Smith's decision about whether Myers was "disabled beginning on or before August 3, 2016." Def.'s Br. in Supp. Ex. 1, at 54; *see* 20 C.F.R. §§ 404.970(b), 404.976(b)(1) (2016). The letter instructs Myers that she needed to file a new DIB claim if she wanted the agency to consider whether she was disabled after August 3, 2016, and that, as long as she filed the new DIB claim "within 6 months after [she] receive[s] this letter," the agency would use the date on which Myers asked the Appeals Council to review ALJ Smith's decision "as the date of [her] new claim." Def.'s Br. in Supp. Ex. 1, at 54; *see* 20 C.F.R. § 404.976(b)(1) (2016). The letter expressly warns that "filing a new application is not the same as appealing" the Appeal Council's action on the DIB application ALJ Smith denied in August 2016, and that Myers still "should file an appeal within 60 days" if she disagreed with that decision. *See* Def.'s Br. in Supp. Ex. 1, at 54.

district court if she wanted a court to review the Commissioner's final decision. *Id.* at 55. It further explains that this sixty-day clock would start "the day after" Myers received the letter and that, unless she could show otherwise, the agency would assume she received it five days after the letter's date. *Id*. Finally, the Appeals Council explained that Myers could ask the agency to extend her limitations period by submitting a written request showing that she had "a good reason for waiting more than 60 days" to file her civil action. *Id.* at 55–56. Marie Cousins, the agency official responsible for processing Title II claims whenever a claimant files a civil action in a Virginia federal court, has submitted a declaration attesting that she "is not aware of any request for an extension of time to file a civil action" in Myers's case. Cousins Decl. ¶ 3, Def.'s Br. in Supp. Ex. 1, at 3–4. According to the Commissioner's calculation, Myers's statutory limitations period expired on January 20, 2017. Def.'s Br. in Supp. 2.

Myers filed her complaint on May 1, 2017. Compl. 2, ECF No. 2. She explicitly concedes that the Appeals Council denied her request to review ALJ Smith's decision "[o]n November 21st, 2016," and she does not allege any facts suggesting that she received the Appeals Council's denial letter more than five days after that date. *Id.* at 3–4; *see* 20 C.F.R. § 422.210(c). Instead, Myers alleges that sometime after the Appeals Council denied her request on November 21, she "gathered all of this new evidence, put it together in the form of Exhibits 20F through 27F, and . . . again asked the Appeals Council to review what [she] thought was new and compelling evidence that would have granted [her] a fully-favorable decision." Compl. 4 (capitalization altered). *But see* Def.'s Br. in Supp. Ex. 1, at 55, 58–59 (Appeals Council letter stating that Exhibits 20F through 27F were added to the record before the Appeals Council denied Myers's original request to review ALJ Smith's decision). According to Myers, the "Appeals Council

looked at these additional medical records and on February 16th, 2017, . . . informed [her] that [she] was still being denied social security disability benefits." Compl. 4.

In September 2017, the Commissioner filed a motion to dismiss the action as untimely filed, ECF No. 9, and Myers filed a brief in opposition, ECF No. 14. In her response, Myers alleged for the first time that part of the Appeals Council's denial letter

> led me to believe at the time[] that I had an additional (6) six months to act on this claim and that this particular instruction further led me to believe that I had at least until May 21st, 2017, which is (6) months later from the notification I received from the Appeals Council dated[] November 21st, 2016.

Pl.'s Br. in Opp'n 2 (citing Def.'s Br. in Supp. Ex. 1, at 54 ("If you want us to consider whether you were disabled after August 3, 2016, you need to apply again. . . . If you file a new claim for [DIB] within 6 months after you receive this letter, we can use August 8, 2016, the date of your request for review [of ALJ Smith's decision], as the date of your new claim.")). Myers also argued that even if her deadline to file a civil action technically expired on January 20, 2017, the court should excuse her belated filing because "the Appeals Council was still having verbal and written communication with [her] as of February 16th, 2017." *Id.*; *accord id.* at 3 ("I was just simply mislead [sic]. I thought that the Appeals Council was giving me more time. For the record, I am not accusing anyone because I appreciate the Appeals Council trying to work with me[] because I was not an attorney . . . ."). In support of this argument, Myers attached a February 16, 2017 letter from the Appeals Council explaining that Myers's additional treatment notes, most of which were "exact copies" of exhibits already in the record, did not provide a reason "to reopen and change" the Appeals Council's November 21, 2016 decision denying her original request to review ALJ Smith's decision. Pl.'s Br. in Opp'n Ex. 1, at 1–2, ECF No. 14-1; *see* 20 C.F.R. §§ 404.987–404.993 (2016) (procedures and conditions for reopening or revising a decision). This letter also states that Myers does "not have the right to court review of [the

Appeals Council's] denial of [her] request for reopening." Pl.'s Br. in Opp'n Ex. 1, at 2. It does not say anything about retroactively extending Myers's sixty-day deadline to seek judicial review of the Commissioner's final decision in her case. *Id.* at 1–2; *see* 20 C.F.R. § 404.982; Def.'s Br. in Supp. Ex. 1, at 55–56.

Based on the nature of the Commissioner's arguments, as well as her concession that the limitations period is not jurisdictional and may be equitably tolled or excused in certain cases, I initially construed the Commissioner's unlabeled Motion to Dismiss as arising under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Order of Oct. 24, 2017, at 1, ECF No. 16; *see McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005); *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 501 (E.D. Va. 2002). Upon initial review, I concluded that both parties presented matters outside the pleadings and that the Court could not properly resolve the Commissioner's motion if those matters were excluded from consideration. *See* Order of Oct. 24, 2017, at 1 (citing Fed. R. Civ. P. 12(d)). Accordingly, I notified the parties that the Court planned to treat the motion as one for summary judgment, and I gave both parties fourteen days to submit any additional materials that they considered pertinent to the statute-of-limitations bar asserted in the Commissioner's motion. *Id.* at 2. Myers filed additional exhibits[3], ECF No. 17, and a supplemental brief in opposition, ECF No. 18. The brief reiterates Myers's arguments that the Appeals Council's letters of November 21, 2016, and February 16, 2017, were confusing and "somewhat changed" the rules "as far as dates, deadlines and guidelines are concerned." Pl.'s Suppl. Br. in Opp'n 2–3. The Commissioner did not file any additional materials.

III. Discussion

---

[3] The exhibits consist of additional medical evidence and two copies of an October 26, 2016 letter from Congressman Robert Hurt informing Myers that the Appeals Council had "approved [her case] for expeditious review." Pl.'s Exs. 1–6, ECF No. 17. Presumably, the Appeals Council completed that expedited review when it denied Myers's request on November 21, 2016.

The Commissioner has produced unchallenged evidence that the Appeals Council mailed the letter denying Myers's request for review on November 21, 2016, and that the agency has no record of Myers attempting to show that she did not receive the letter within five days after that date. Cousins Decl. ¶ 3; Def.'s Br. in Supp. Ex. 1, at 53–59; *see McMahan*, 377 F. Supp. 2d at 535–36 (citing 20 C.F.R. § 422.210(c)). Thus, the evidence before the Court establishes that Myers's limitations period began to run on November 26, 2016, and expired sixty days later on January 25, 2017. 42 U.S.C. § 405(g); Fed. R. Civ. P. 6(a); 20 C.F.R. § 422.210(c). Myers filed her complaint roughly ninety days after this expiration date, on May 1, 2017. Compl. 1. Myers does not dispute the Commissioner's evidence indicating that she never submitted to the Appeals Council a written request giving "the reasons why the action was not filed within" the sixty-day period set out in the Appeals Council's November 21, 2016 letter. 20 C.F.R. § 404.982; Cousins Decl. ¶ 3; Def.'s Br. in Supp. Ex. 1, at 55. *See generally* Compl. 1–8; Pl.'s Br. in Opp'n 2–4; Pl.'s Suppl. Br. in Opp'n 1–4. Accordingly, the Commissioner has shown that Myers filed this action well after the limitations period expired. Fed. R. Civ. P. 56(c); *see McMahan*, 377 F. Supp. 2d at 535–36.

This Court may equitably toll the limitations period, or excuse Myers's missed deadline altogether, only if she can show that hers is one of those exceptionally rare cases where "it would be unconscionable to enforce the limitation against" her. *Hill*, 277 F.3d at 704; *see Reeves*, 2014 WL 2573049, at *2–3. Myers's argument that the Appeals Council's November 21, 2016 letter misled her into thinking she "had an additional (6) six months to act on this claim" is not persuasive. Pl.'s Br. in Opp'n 2 (citing Def.'s Br. in Supp. Ex. 1, at 54). The letter makes clear that, although Myers may file a new DIB claim within six months, "filing a new application *is not the same* as appealing" the Commissioner's final decision on her pending DIB application.

7

Def.'s Br. in Supp. Ex. 1, at 54 (emphasis added). "So," the Appeals Council says, "if you disagree with our action, you should file an appeal within 60 days." *Id.* The Appeals Council's letter then "clearly, in plain terms, explains [Myers's] rights to appeal its decision to the Court and the requisite timeline to do so." *Delapara v. Colvin*, No. 3:16cv74, 2016 WL 5024230, at *3 (E.D. Va. Aug. 19, 2016), *adopted by* 2016 WL 5019169 (E.D. Va. Sept. 16, 2016); *accord Hunt*, 2012 WL 6761418, at *4 ("The letter [that the pro se plaintiff] received from the Appeals Council denying his request for review clearly stated that his complaint must be filed within sixty days.").

Myers's argument that her ongoing communication with the Appeals Council "somewhat changed" the rules "as far as dates, deadlines and guidelines are concerned," Pl.'s Suppl. Br. in Opp'n 2, fails for similar reasons. *Cf. Reeves*, 2014 WL 2573049, at *1. In *Reeves*, the pro se plaintiff alleged that she approached the local Social Security Office about a month after the limitations period expired and, "after explaining why she was late in filing, 'they said ok and go file at Federal Court.'" *Id.* The Court declined to excuse Reeves's missed deadline because she did not offer any proof that she was granted an extension, and the Commissioner submitted evidence showing she had no record that Reeves had requested an extension. *Id.* Myers's proffered explanation is even more tenuous than the one rejected in *Reeves*. She alleges that unidentified

> dates, deadlines, and guidelines were not of (100%) one hundred percent certainty, nor were these dates, guidelines, and deadlines etched in stone in the Plaintiff's mind, in my opinion, because the Appeals Council did not say to me, "*Do not respond to me again because I will not answer you.*"
>
> The instructions and guidelines given by the Appeals Council in their letter to me dated November 21st, 2016, was still somewhat incomplete because I (the Plaintiff) had not responded nor had I been given an opportunity to respond, and in my mind closure in this matter had not yet occurred.

8

Pl.'s Suppl. Br. in Opp'n 2–3 (punctuation altered). But Myers does not specifically allege, let alone point to any competent evidence in the record, that she either asked for or was granted an extension to file this civil action. *See* Fed. R. Civ. P. 56(c); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (explaining that neither "[c]onclusory or speculative allegations" nor "a mere scintilla of evidence in support of [the nonmoving party's] case" are enough to defeat a properly supported motion for summary judgment). Furthermore, the agency provided Myers accurate information and did not engage in any misconduct, and her purported subjective misunderstanding of the deadline does not establish exceptional circumstances to excuse her late filing. *Cf. Delapara*, 2016 WL 5024230, at *3 (pro se plaintiff's allegation that "the Appeals Council did not adequately explain her rights" did not warrant equitable tolling because the Appeals Council's denial letter "clearly, in plain terms, explains [plaintiff's] rights to appeal its decision to the Court and the requisite timeline to do so").

      I understand that dismissing an appeal of an agency action because of one missed court deadline may seem harsh or unfair to a pro se plaintiff who "has pursued this claim for many years through the administrative system." *Id.*; *see* Compl. 3–8. But I also must remember that this particular statute of limitations "involve[s] a waiver of sovereign immunity" which must be construed even more strictly than limitations periods applicable to claims between private litigants. *Irwin*, 498 U.S. at 96; *see, e.g., Reeves*, 2014 WL 2573049, at *3 (dismissing a pro se plaintiff's social security action filed six weeks late); *Hunt*, 2012 WL 6761418, at *2 (dismissing a pro se plaintiff's social security action filed fourteen days late); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 338–39 (S.D.N.Y. 2002) (dismissing a counseled plaintiff's social security action filed one day after the limitations period expired). The facts alleged in Myers's filings, even liberally construed in her favor, simply do not warrant excusing her undisputed failure to bring

9

this action within the statutory limitations period. *See Reeves*, 2014 WL 2573049, at *3; *Hunt*, 2012 WL 6761418, at *3–4.

IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge **GRANT** the Commissioner's motion, ECF No. 9, and enter Judgment in the Commissioner's favor dismissing this action as untimely filed. *McMahan*, 377 F. Supp. 2d at 536.

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to the pro se plaintiff and counsel of record.

ENTER: November 28, 2017

Joel C. Hoppe
United States Magistrate Judge